In re John Albert **GABALDON,** SS# 585–58–8919, Carol Eileen Gabaldon, SS# 518–52–8884, **Al's Rock 'N Country, Debtors.**

**BROADCAST MUSIC, INC., a New York corporation, Plaintiff,**

v.

**John Albert GABALDON, d/b/a Al's Rock 'N Country, Defendant.**

Bankruptcy No. 7–84–00810 MA. Adv. No. 84–0277 M.

United States Bankruptcy Court, D. New Mexico.

Aug. 15, 1985.

Annette DeBois, Albuquerque, N.M., for plaintiff.

Theodore C. Baca, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court for trial on the merits on March 21, 1985. The complaint to determine dischargeability of a debt is based on a stipulated judgment filed in the United States District Court for the District of New Mexico in *Broadcast Music, Inc., v. John A. Gabaldon,* CIV 82–0402 M, for copyright infringements under Title 17 U.S.C. § 101 *et seq.*

Because the judgment was silent as to the nature of the liability, this Court is required to look behind the judgment entered in that case to establish whether that debt should be non-dischargeable because of the willful and malicious conduct of the debtor, pursuant to 11 U.S.C. § 523(a)(6).

John Gabaldon (Gabaldon) started a business called Al's Rock 'N Country. This establishment was opened for business in September 1980. John Gabaldon was the sole proprietor of Al's Rock 'N Country. Gabaldon or his agents hired bands to perform live music at Al's Rock 'N Country. In October 1980, an agent for Broadcast Music, Inc., (BMI) visited Al's Rock 'N Country and noticed that live music was being played in the establishment, even though it did not have a proper license for performing works of the writers and publishers of certain songs. BMI sent a letter to Al's Rock 'N Country on November 5, 1980, advising the proprietor that he had not obtained proper licensing for a portion of the music used in the place of business, and explaining that pursuant to Federal law, the proprietor is solely responsible for obtaining the licenses needed to cover all copyrighted music performed in the business. BMI additionally sent letters to Gabaldon on April 1, 1981, and April 28, 1981, explaining the copyright laws, and advising him that a license was required to perform music protected by them. Gabaldon was cited on May 21, 1981, and September 25, 1981, for a total of eight violations of the copyright laws.

Broadcast Music, Inc. brought suit against Gabaldon for these eight violations and judgment was entered in the United States District Court, Cause No. CV 82–0402 M for $8,100.00 on April 18, 1983, in favor of BMI. Gabaldon filed bankruptcy on June 19, 1984.

DISCUSSION:

For this debt to be non-dischargeable, the plaintiff has the burden of proving that the debt arose from the willful and malicious conduct of the debtor leading to injury. 11 U.S.C. § 523(a)(6). Encompassed in this statutory provision is a debt resulting from willful and malicious conversion. 124 Cong.Rec.H. 11,096 (Sept. 28, 1978). Conversion has been variously defined, but implicit in each definition is the wrongful assumption of dominion over personal property by one person to the exclusion of possession by the owner and in repudiation

of the owner's rights. *Thorp Credit and Thrift Co. v. Pommerer (In re Pommerer)*, 10 B.R. 935, 4 C.B.C.2d 766 (Bkrptcy.D. Minn.1981).

Gabaldon received correspondence from BMI advising him of his legal obligations with regard to the performance of musical compositions in his establishment. Ignoring this correspondence and the demands to cease and desist were intentional. *See generally, Albuquerque National Bank v. Carley (In re Carley)*, 24 B.R. 248 (Bkrptcy.D.N.M.1982).

"A malicious conversion envisions a tort with aggravating features which warrant a deduction that the act transcends a minimal or technical wrongdoing and evinces a willingness to voluntarily inflict injury c.f., *Rees v. Jensen*, (9th C.A.1948) 170 F.2d 348." *Pommerer* 10 B.R. at p. 940.

In this case Gabaldon was intentionally converting the property of others to his own use, and in addition was violating Federal Law. Title 17 U.S.C. Section 101, *et seq.* The violation of the Federal copyright laws is an aggravating feature which evinces a willingness to voluntarily inflict injury on BMI and the writers and publishers.

This Court finds that the actions of Gabaldon were willful and malicious causing injury to BMI. The debt of $8,100.00 is therefore non-dischargeable.

This memorandum opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.