**In re Billie David ROBINSON, Debtor.**

**Blossom Akst LEVY, Gilda Davis, and Milene-Opryland Music, Inc., Plaintiffs**

v.

**Billie D. ROBINSON, Defendant.**

**Bankruptcy No. 87–00785–C.**
**Adv. No. 87–0164–C.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

July 30, 1987.

See also, Bkrtcy., 75 B.R. 985.

Stacy R. Obenhaus, Stinson, Mag & Fizzell, Kansas City, Mo., for plaintiffs.

Jerry W. Venters, Jefferson City, Mo., for debtor.

FRANK W. KOGER, Bankruptcy Judge.

## MEMORANDUM OPINION

This is an adversary action brought by plaintiff (Blossom AKST Levy, Gilda Davis, and Milene-Opryland Music, Inc.) against defendant (Billie D. Robinson) under Section 523(a)(6) for alleged willful and malicious injury to the property of another entity. Movant obtained a judgment against debtor for $500.00 statutory damages and $9,680.16 reasonable attorney fees for publicly performing musical compositions without proper licensing for which movant owns the copyrights. Both plaintiff and defendant have submitted the matter on briefs and on their respective motions for summary judgment.

In such circumstances, no detailed recitation of the facts is necessary. Suffice it to say that since 1979 ASCAP had been attempting to convince defendant to procure a license for his bar and restaurant because music was from time to time publicly performed in his place of business, perhaps to soothe the savage beasts otherwise aroused by the demon rum regularly served over his bar. The performances were apparently rendered on a piano and a washboard. Defendant was never so convinced and on November 3, 1984, ASCAP documented the unauthorized performances of two songs, the copyrights thereof being owned by plaintiffs. Defendant closed his restaurant soon after and then in 1987 filed this Chapter 7 proceeding.

Plaintiffs filed with their Motion for Summary Judgment the following:

1. Portions of defendant's deposition.
2. A copy of the complaint in the original suit against defendant.
3. A copy of the jury verdict dated May 22, 1986.
4. A copy of the judgment entered by the Honorable Scott O. Wright on July 15, 1986, assessing the damages and attorney fees.
5. Affidavit of Robert E. Pauley.
6. Transcript of a portion of the debtor's examination of defendant.

Based thereon the plaintiff requests that the Court rule that said judgment is nondischargeable because the foregoing establishes willful and malicious injury to the property of plaintiff. The Court declines to make what it regards as such a quantum leap. There are two reasons therefor. First, this Court has no evidence before it to determine what issues the jury in the District Court considered in arriving at its verdict. This could have been supplied by filing a transcript of that trial or possibly by only filing a copy of the verdict directing instructions. In the case of the former, the Court could have determined that the evidence presented did establish willful and malicious injury to plaintiff on the part of the defendant. In the case of the latter, the Court might have determined that each and every element necessary for a finding of willful and malicious had been litigated and required to be found by the jury to reach their verdict. This, of course, would have created a collateral estoppel as set out in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) at footnote 10, 99 S.Ct. page 2213. As the Supreme Court therein stated:

> "If in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of section 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court."

While this might then have led this Court to the posture of having to make the determination of whether "preponderance of the evidence" and "clear and convincing proof" are different names for the same standard of proof in § 523 actions, it nevertheless would have provided the Court with some basis of fact upon which to make a ruling.

However, such was not to be, since this Court has no evidence before it to allow it to evaluate what issues the jury considered and was instructed to find before entering a verdict, so that it might compare those findings with the required findings under § 523(a)(6).

Second, any plaintiff seeking to avoid dischargeability under § 523(a)(6) in the Western District of Missouri and the Eighth Circuit has three very difficult cases to overcome. In the Western District that case is *Cassidy v. Minihan,* decided by Chief Judge Scott O. Wright, 52 B.R. 947 (1985). In the Eighth Circuit the two cases are *Cassidy v. Minihan,* 794 F.2d 340 (8th Cir.1986) (wherein Judge Wright was affirmed) and *In re Long,* 774 F.2d 875 (8th Cir.1985). Probably *Long* is the more instructive of the two. Therefore the Court will content itself with a discussion of it only, and merely cite the first two cases. Therein the Eighth Circuit traces the requisites of a § 523(a)(6) claim from *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), through the Congressional Reports which clearly demonstrated Congress's intent to eliminate "reckless disregard" as the standard to be applied. Applying the principles enunciated in *Long,* Ibid., to the few facts that are in the record before this Court, the Court is unable to find evidence supporting the heavy burden that case requires. In other words, if deliberately converting pledged accounts receivable and diverting the funds from the perfected and secured party to the use of the debtor is not "willful and malicious", this Court must conclude that playing two songs on an old upright piano and washboard for public consumption without procuring a license first is also not "willful and malicious".

For all of the foregoing reasons, and without deciding the issue of the potentially conflicting standards of proof, the Court rules against the plaintiff and holds that the debt to plaintiff is DISCHARGEABLE.