In re Henry Clyde NICKS, Debtor.

**FLORIDA FARM BUREAU INSURANCE CO.,**
Plaintiff,

v.

**Henry Clyde NICKS, Defendant.**

**Bankruptcy No. 90–1506–BKC–3P7.**
**Adv. No. 90–192.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 6, 1991.

Frank H. Cole, Jacksonville, Fla., for plaintiff.

John Winkler, Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon Florida Farm Bureau Insurance Company's Complaint seeking exception to discharge pursuant to 11 U.S.C. § 523 for the obligation owed by Defendant, Henry Clyde Nicks, based on a $68,-582.38 Judgment entered against him by the Circuit Court, Fourth Judicial Circuit in and for Nassau County, Florida, Case No. 87-281-CA.

A trial was held on June 4, 1991, and, upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Plaintiff issued a policy insuring against loss or damage to the dwelling and contents of a home owned by Wyatt and Josie Crawford.

On January 3, 1983, during the effective dates of the policy, the residence was destroyed by fire.

On January 9, 1984, Wyatt Crawford submitted a sworn statement and proof of loss claiming damage in excess of the policy limits.

On January 16, 1984, Plaintiff issued checks for its total policy limits of $45,-000.00 in payment of the claim submitted by Wyatt Crawford.

On January 30, 1986, Defendant pleaded guilty to first degree arson in connection with the burning of Wyatt Crawford's residence.

In April, 1987, a lawsuit was filed by Florida Farm Bureau Insurance Company in the Nassau County, Florida, Circuit Court and served upon the Defendant, Henry Clyde Nicks, to recover monies paid by Florida Farm Bureau Insurance Company as a result of the Crawford claim.

Defendant, Henry Clyde Nicks, failed to plead in response to the Complaint and a Default and Final Judgment were entered against him on June 2, 1988, in the amount of $68,582.38. This judgment consists of $45,000.00 paid by Florida Farm Bureau under the policy, plus interest for $23,-400.00 and $182.38 in costs.

On February 13, 1990, the Circuit Court issued a continuing Writ of Garnishment as to the wages of Defendant.

On April 20, 1990, the Defendant filed his Chapter 7 petition.

On August 6, 1990, Plaintiff filed its Complaint seeking exception to discharge pursuant to § 523 of the Bankruptcy Code.

In his answer Defendant admitted that a Default was entered against him in Civil Case No. 87-281-CA in the state court and that a Final Judgment was entered against him in the amount of $68,582.38. However, Defendant denied pleading guilty in the first degree to arson in connection with the intentional burning of the Crawford residence.

The issue raised in this adversary proceeding is whether the obligation imposed on the Defendant by virtue of the Judgment entered in the Circuit Court may be discharged through Defendant's bankruptcy case.

### Conclusions of Law

The resolution of this adversary proceeding is covered by § 523(a)(6) of the Bankruptcy Code, which provides that:
(a) A discharge under § 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

**220**

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

 The United States Court of Appeals for the Eleventh Circuit has held that under certain circumstances the doctrine of collateral estoppel applies in exception to discharge proceedings. *See In re Latch,* 820 F.2d 1163, 1166 (11th Cir.1987); *In re Halpern,* 810 F.2d 1061, 1064 (11th Cir. 1987). In order to apply collateral estoppel, the following three elements must be satisfied:

(a) the issue at stake must be identical to the one involved in the prior litigation;

(b) the issue must have been actually litigated in the prior proceeding; and

(c) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier decision.

*In re Halpern,* 810 F.2d 1061, 1064 (11th Cir.1987).

 Florida Statute 806.01 states that "any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged: Any dwelling, whether occupied or not, or its contents ... is guilty of arson in the first degree." Thus, the issue at stake in the state court proceeding was identical to the issue in this dischargeability action.

The defendant had a full opportunity to defend himself in state court and, consequently, the issue was actually litigated. *See In re Wilson,* 72 B.R. 956, 959 (Bankr. M.D.Fla.1987). Additionally, the determination of willful and malicious injury, an element of the crime of arson, was a critical and necessary part of the state judgment.

Accordingly, all the *Halpern* factors are satisfied and collateral estoppel is properly applied in this proceeding. Thus, Defendant's obligation to pay and satisfy the Final Judgment in the amount of $68,-582.38 is excepted from his discharge pursuant to 11 U.S.C. § 523(a)(6).

A separate Final Judgment in favor of plaintiff will be entered.