**In re Marvin E. MARSHALL, Debtor.**

**MRB, INC., Plaintiff**

**v.**

**Marvin E. MARSHALL, Defendant.**

**Bankruptcy No. 91–15822–8P.
Adv. No. 92–213.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 11, 1992.

Joryn Jenkins, Tampa, Fla., for plaintiff.

Buddy D. Ford, Tampa, Fla., for defendant.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest to consider the Motion For Summary Judgment filed by MRB, Inc. (MRB), the Plaintiff in the above-captioned adversary proceeding.

Through its Motion, MRB contends that there are no genuine issues of material fact and therefore this Adversary Proceeding may be resolved as a matter of law in its favor.

The Complaint filed by MRB consists of three counts. Count I seeks a determination that a debt represented by a Final Judgment, which found that the Debtor wilfully infringed MRB's copyright, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). Count II is also based on 11 U.S.C. § 523(a)(6) and seeks a determination that damages allegedly sustained by MRB as a result of the Debtor's willful violation of a State Court order directing

the Debtor to pay MRB's attorney's fees and costs are nondischargeable. Count III is based on § 523(a)(7), and was dismissed by this Court on May 29, 1992.

In support of its Motion, MRB relies on the principles of collateral estoppel, contending first that this Court may enter judgment in its favor as a matter of law on Count I as the issues regarding the copyright infringement were the subject of a jury trial before the District Court for the Middle District of Florida. MRB also contends that the principles of collateral estoppel require that this court enter Summary Judgment in its favor on Count II because the State Court has already determined that the Debtor intentionally and willfully committed contempt of court, thereby permanently depriving MRB of funds expended as attorneys fees and costs because of the debtor's contempt.

■ In resolving MRB's Motions, it should be noted that the doctrine of collateral estoppel precludes a party from relitigating an issue if the following criteria are met:

1. the issue at stake is identical to the issue involved in the prior litigation;

2. the issue at stake was actually litigated in the prior litigation;

3. determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action; and

4. the standard of proof in the prior litigation was at least as stringent as the standard of proof in the later litigation.

*Hoskins v. Yanks*, 931 F.2d 42, 43, n. 1 (11th Cir.1991). Thus, when the elements of the claim and the issues previously litigated are identical to the elements required to prove that a claim is non-dischargeable pursuant to § 523, collateral estoppel may be invoked and the subsequent litigation may be resolved as a matter of law without the necessity of a trial. *See In re Scarfone*, 132 B.R. 470 (Bankr.M.D.Fla.1991); *In re Nicks*, 131 B.R. 218 (Bankr.M.D.Fla. 1991).

■ There is no question that MRB's copyright infringement action in the District Court was actually litigated with a jury, that the standard of proof was identical, i.e., preponderance of the evidence; and that the Final Judgment entered by the District Court made specific findings that the Debtor infringed MRB's copyright as to a computer operator manual and computer program and that the infringement was willful. However, the jury instructions defined "willful" as follows:

"Willful" in this context means with a person's knowledge that the person's conduct ·constitutes copyright infringement or when the person should have known his or her conduct was infringing or acted with reckless disregard of the rights of the holder of the copyright

Both the House and Senate Reports regarding § 523(a)(6) made it clear that for purposes of this Section, "willful" means deliberate or intentional and "[t]o the extent that *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902), held that a lesser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977), S.Rep. No. 989, 95th Cong. 2nd Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865, 6321.

It is impossible to ascertain from this record whether the jury found that the Debtor's conduct was deliberately intended to injure, or merely that it was in reckless disregard of MRB's rights. Because "reckless disregard" is insufficient to prove willful and malicious conduct for purposes of § 523(a)(6), it would be inappropriate for this Court to apply the doctrine of collateral estoppel to resolve Count I.

■ Regarding Count II, there is no question that on November 12, 1985, the Circuit Court for Hillsborough County, Florida, entered an injunction prohibiting the Debtor from violating a covenant not to compete with MRB; that on November 27, 1985, the Circuit Court entered an Order holding the Debtor in contempt for violating the injunction; that on January 10, 1986, the Circuit Court entered an Order again finding the Debtor in contempt of the

November 12th injunction and sentencing the Debtor to jail for 30 days in the event he did not purge himself by paying $3,000.00 to MRB; and that on January 22, 1988, the Circuit Court entered a Final Judgment in favor of MRB and against the Debtor for attorney's fees of $10,300.00 and costs of $1,246.35 incurred as a result of the Debtor's violation of the injunction.

Based on the foregoing, MRB contends again that the principles of collateral estoppel mandate that a Final Judgment be entered in its favor as a matter of law on Count II. Because this Court doubts whether the attorney's fees and costs incurred by MRB in enforcing the injunction constitute damages sustained from willful and malicious injury by the Debtor, this Court is satisfied that the Motion for Summary Judgment should also be denied as to Count II.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that continued pretrial conference will be held before the undersigned at 9:30 a.m. on November 4, 1992 in Courtroom A, 4921 Memorial Highway, Tampa, Florida.

DONE AND ORDERED.