**In re John William HIBBS and Sandra Burris Hibbs, Debtors.**

**Demetrios James SOPHOS, Plaintiff,**

v.

**John William HIBBS and Sandra Burris Hibbs, Defendants.**

**Bankruptcy No. LA 93–10829 KM. Adv. No. LA 93–02303 KM.**

United States Bankruptcy Court, C.D. California.

Oct. 26, 1993.

As Amended on Denial of Reconsideration Dec. 6, 1993.

260

Theresa Middlebrook, Juliet L. Ream, Wagner & Middlebrook, Glendale, CA, for plaintiff.

John William Hibbs, in pro per.

Jason Wallach, Los Angeles, CA.

James A. Dumas, Jr., Dumas & Associates, Los Angeles, CA.

Dennis E. McGoldrick, David R. Kaplan, Gardena, CA.

## OPINION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

KATHLEEN P. MARCH, Bankruptcy Judge.

### I. INTRODUCTION

This opinion rules on cross-motions for summary judgment. The cross-motions are

made in a nondischargeability adversary proceeding brought by plaintiff Demetrios James Sophos (Sophos) against joint debtors John William Hibbs (Mr. Hibbs) and Sandra Burris Hibbs (Mrs. Hibbs), who are husband and wife.

Plaintiff Sophos' motion for summary judgment seeks to hold a federal judgment for intentional copyright infringement *nondischargeable* as to both Mr. and Mrs. Hibbs pursuant to 11 U.S.C. § 523(a)(6).[1] Defendants Mr. and Mrs. Hibbs' cross-move for summary judgment seeking to have the copyright infringement judgment held *dischargeable* as to each of them.

Both motions also ask the Court to rule whether Sophos can reach the postpetition community or separate property of Mrs. Hibbs, pursuant to 11 U.S.C. § 524(a)(3) and (b)(1),[2] to satisfy a judgment of nondischargeability against Mr. Hibbs, should a judgment of nondischargeability be obtained against only Mr. Hibbs.

Part IV sets forth the Court's ruling as to Mr. Hibbs. The Court grants plaintiff's motion for summary judgment against Mr. Hibbs and denies Mr. Hibbs' cross-motion.

The Court holds that the federal copyright infringement judgment is nondischargeable as to Mr. Hibbs pursuant to Section 523(a)(6).

Part V sets forth the Court's ruling as to Mrs. Hibbs. The Court denies plaintiff's motion for summary judgment and grants Mrs. Hibbs' cross-motion. The Court holds that the federal copyright infringement judgment is dischargeable as to Mrs. Hibbs.

In Part VI, the Court discusses the question of what property Sophos may reach to collect on his nondischargeable judgment against Mr. Hibbs. The following opinion sets forth this Court's findings.[3]

## II. FACTS

### A. THE DISTRICT COURT COPYRIGHT INFRINGEMENT ACTION.

On May 26, 1988, Sophos commenced a copyright infringement action against Mr. Hibbs, United Amusements, Inc. (a corporation owned by Mr. Hibbs), and Norm Henthorn (a supplier of United Amusements) in the United States District Court, Central District of California. Mrs. Hibbs was not a party to the action.

The case was eventually tried to a jury presided over by U.S. Magistrate Judge

---

1.  Section 523(a)(6) makes nondischargeable a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). There are only ten reported decisions under the Bankruptcy Code which specifically deal with section 523(a)(6) and copyright infringement. *See In re Pineau*, 149 B.R. 239 (D.Me.1993); *MRB, Inc. v. Marshall (In re Marshall)*, 144 B.R. 930 (Bankr. M.D.Fla.1992); *In re Pineau*, 141 B.R. 522 (Bankr.Me.1992), rv'd, *In re Pineau*, 149 B.R. 239 (D.Me.1993); *In re Watson*, 117 B.R. 291 (Bankr.W.D.Mo.1990); *In re Lynch*, 1990 WL 126199, 1990 Bankr.Lexis 2517; *In re Elms*, 112 B.R. 148 (Bankr.E.D.La.1990); *In re Remick*, 96 B.R. 935 (Bankr.W.D.Mo.1987); *In re Robinson*, 76 B.R. 145 (Bankr.W.D.Mo.1987); *In re Gabaldon*, 55 B.R. 431 (Bankr.D.N.M.1985); *In re Massier*, 51 B.R. 229 (Bankr.D.Colo.1985).

2.  Section 524 provides, in part:
    (a) A discharge in a case under this title—
    (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a commu-

nity claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.
    (b) Subsection (a)(3) of this section does not apply if—
    (1)(A) the debtor's spouse is a debtor in a case under this title, or a bankrupt or a debtor in a case under the Bankruptcy Act, commenced within six years of the date of the filing of the petition in the case concerning the debtor; and
    (B) the court does not grant the debtor's spouse a discharge in such case concerning the debtor's spouse;

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523. This matter is a core proceeding within 28 U.S.C. § 157(b)(2)(I). This matter was referred to the Court pursuant to the Standing Order of Reference of the United States District Court, Central District of California. This opinion constitutes this Court's findings and conclusions pursuant to F.R.B.P. Rule 7052.

George King, United States District Court Central District of California. The jury returned a verdict against Mr. Hibbs and against both of the other defendants. Magistrate Judge King entered judgment against the defendants accordingly.[4] There was no judgment against Mrs. Hibbs as she was never a party to the action.

The verdict was a special verdict which was in the form of interrogatories, each answered separately by the jury. The jury found in its special verdict that Mr. Hibbs caused United Amusements to infringe and that Mr. Hibbs personally participated in the acts of United Amusements that constituted infringement.[5]

As evidenced by the special verdicts, the jury also determined that the infringement of Mr. Hibbs and United Amusements was willful. U.S. Magistrate Judge King instructed the jury on willful infringement. The instruction he gave instructed the jury that willful infringement meant "copying with knowledge that the defendants' conduct constitutes copyright infringement."[6]

---

**4.** The Second Amended Judgment provides: Pursuant to the jury's findings on the special verdict form, IT IS ADJUDGED as follows: Plaintiff DEMETRIOS JAMES SOPHOS shall have judgment:
1. Against defendants UNITED AMUSEMENTS, INC. and JOHN W. HIBBS, jointly and severally, in the sum of TWO HUNDRED ONE THOUSAND EIGHTY–SIX DOLLARS AND TWENTY–EIGHT CENTS ($210,086.28).
2. Against defendant NORM HENTHORN in the sum of FIFTY SIX THOUSAND THREE HUNDRED AND THIRTY–ONE DOLLARS AND SEVENTY CENTS ($56,331.70).
DATED: This 12th day of December, 1989, NUNC PRO TUNC to judgment filed September 27, 1989.

**5.** The Jury's Special Verdict provides:

---

WE, THE JURY, FIND THE FOLLOWING:
1. PLAINTIFF'S ACTUAL DAMAGES.
   1. Was the Plaintiff actually damaged by the infringements of any of the defendants?  Yes __x__  No _____

. . . .

2. DEFENDANT HIBBS' ROLE.
   2. Do you find that Defendant John W. Hibbs did either of the following: (answer yes or no)
      i. Caused UNITED AMUSEMENTS to infringe? __yes__
      ii. Personally participated in the acts of UNITED AMUSEMENT that constitute infringement? __yes__

. . . . .

WILLFUL, CONSCIOUS OR DELIBERATE INFRINGEMENT.
5.a. Do you find that Defendants' UNITED AMUSEMENTS/HIBBS infringements were or were not willful, conscious or deliberate? If you find that the infringements were willful, conscious or deliberate, then answer "Yes". If you find that the infringements were not willful, conscious or deliberate, then answer "No."

| | | |
|---|---|---|
| PERFECT BILLIARDS | Yes __x__ | No _____ |
| MISSION XX | Yes __x__ | No _____ |
| AIRWOLF | Yes __x__ | No _____ |

5.c. Do you find that Defendant HENTHORN's infringements were or were not willful, conscious or deliberate? If you find that the infringements were willful, conscious or deliberate, then answer "Yes". If you find that the infringements were not willful, conscious or deliberate, then answer "No."

| | | |
|---|---|---|
| PERFECT BILLIARDS | Yes _____ | No __x__ |
| MISSION XX | Yes _____ | No __x__ |
| AIRWOLF | Yes _____ | No __x__ |

. . . .

Signed this 25th day of September, 1989, at Los Angeles, California.

/s/ Paul E. Adkins  Jury Foreperson

---

**6.** Instruction 13, on willful infringement, given by Magistrate Judge King was as follows:
WILLFUL INFRINGEMENT
One of the issues for you to decide is whether the defendant's willfully, consciously or deliberately infringed plaintiff's copyrights. Willful means copying with knowledge that the defendants' conduct constitutes copyright infringement.

## B. FACTS RELEVANT TO THE CROSS–MOTIONS.

In ruling on the cross-motions, the Court has relied only upon the following items: (1) the federal copyright judgment,[7] (2) the special verdicts answered by the jury,[8] (3) the special jury instruction on the definition of willful infringement,[9] (4) a portion of the deposition of Norm Henthorn (taken in the infringement case and filed with the court in support of the instant motion),[10] and (5) a portion of the deposition of John Hibbs (taken in the infringement case and filed with the court in support of the instant motion).[11]

The portion of the Henthorn deposition considered by the Court is page 16, lines 1–25. There, Norm Henthorn testified that he had asked Mr. Hibbs whether he (Henthorn) should remove Sophos' copyright notice from products he (Henthorn) was copying for United Amusements. According to Henthorn, Mr. Hibbs said he (Hibbs) would have to consider it and would "get back to" Henthorn. Then, according to Henthorn, Mr. Hibbs or someone from United Amusements called him (Henthorn) and told him (Henthorn) to remove the copyright notices.

The portion of the John Hibbs deposition considered by the Court is page 22 line 14 through page 23 line 18. At first, Mr. Hibbs denied the above conversation occurred. However, Mr. Hibbs then admitted that such a conversation may have occurred—but stated he did not recall the conversation. Finally, Mr. Hibbs said that he would not say Henthorn was lying.

The Court also considered page 22 line 12 and page 38 lines 20–25 and page 39 lines 1–5 of the John Hibbs deposition. There, Mr. Hibbs admitted to having knowledge of the copyright from the date the copyright infringement action commenced and admitted to selling products at the time of his deposition—which was after the commencement of the copyright infringement action.

In addition to these items, both sides filed declarations which attempted to relitigate many of the issues already tried in the District Court case. This Court, however, does not find it necessary or proper to, in effect, retry the copyright infringement case. The cross-motions for summary judgment can be decided relying only on the above five items—none of which involve any factual disputes.

As discussed below, the principles of *res judicata* and *collateral estoppel* preclude this Court from retrying or changing the outcome on issues already determined in the copyright infringement case. Sophos and Mr. Hibbs have already had a full jury trial, which resulted in a verdict, where the factual issues raised by these motions were decided. It would waste the resources of both this Court and the parties to relitigate the same issues that the copyright infringement jury already decided. Even more important, it would be contrary to the principles of *res judicata* and *collateral estoppel* to change the jury's decision on any of the issues the jury has already decided.

---

Whether the required knowledge is present and the infringement is willful is for you to decide based upon all the evidence. You may consider, among other things, the following:
(1) Did defendants have knowledge of plaintiff's claim of copyright before the commenced their infringement?
(2) Did the defendants fail to seek and obtain competent legal advice from an attorney before they initiated any possible infringing actions?
(3) Did the defendants continue infringing after receiving notice and commencement of a lawsuit?
The presence of any of these factors may be sufficient to support a finding of willful, conscious or deliberate infringement.

7. The Second Amended Judgment is attached to Plaintiff's Motion for Summary Judgment as Exhibit 5.

8. The Special Verdicts are attached to Plaintiff's Motion for Summary Judgment as Exhibit 3.

9. The Special Jury Instruction 13 on the definition of Willful Infringement is attached to Plaintiff's Motion for Summary Judgment as Exhibit 4.

10. The deposition of John Norman Henthorn was filed with Plaintiff's motion for summary judgment.

11. The deposition of John Hibbs was filed with Plaintiff's motion for summary judgment.

## III. APPLICABLE LAW

### A. STANDARDS FOR SUMMARY JUDGMENT.

Rule 56, incorporated by F.R.B.P. Rule 7056, provides that the "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c).

A moving party's burden on a summary judgment motion contains two components. First, the moving party must satisfy the burden of production (and the *manner* of satisfying this burden depends upon which party has the burden of persuasion on the *claim*). Second, the moving party must satisfy the burden of persuasion on the *motion.* *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986) (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727, p. 121 (2d ed. 1983)); *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

#### 1. Burden of production.

##### a. If movant has burden of persuasion on claim.

■ When the moving party bears the burden of persuasion on the claim, that party satisfies the burden of production on the motion by supporting the motion with evidence that demonstrates entitlement to a judgment as a matter of law if the evidence is uncontroverted. See 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727, p. 129–131 (2d ed. 1983).

Once the movant satisfies its initial burden of production, the burden of production shifts to the nonmovant. The nonmovant satisfies the burden by either producing evidence that demonstrates the existence of a genuine issue for trial *or* submitting an affidavit requesting additional time to conduct discovery. Furthermore, the nonmovant's evidence must be accepted as true for purposes of the summary judgment motion. *See Bushie v. Stenocord Corp.,* 460 F.2d 116 (9th Cir.1972).

##### b. If movant does not have burden of persuasion on claim.

■ When the moving party does *not* bear the burden of persuasion on the claim, that party satisfies the burden of production on the motion in either of two ways. The movant may submit evidence that negates an essential element of the nonmovant's claim. Alternatively, the movant may show that the nonmovant's evidence is insufficient to establish an essential element of the nonmovant's claim. See 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727, p. 129–131 (2d ed. 1983).

#### 2. Burden of persuasion on motion.

■ As noted, the party moving for summary judgment has the ultimate burden of persuading the court that "there is no genuine issue as to any material fact." Thus, the court must determine whether a dispute exists over a *material fact* and, if so, whether the dispute is *genuine.*

■ Since the *Celotex* trilogy of cases in 1986, the party opposing a summary judgment motion needs more than a scintilla of opposing evidence to defeat the motion. Pursuant to the *Celotex* trilogy, the test for a genuine dispute is whether a reasonable jury could reasonably find for the nonmovant— meaning, the facts in the nonmovant's opposition must be sufficient to support a verdict in the nonmovant's favor (i.e., sufficient to survive a motion for judgment notwithstanding the verdict or directed verdict made at the close of all the evidence).[12] This opinion applies this test, plus the principles of *res judicata* and *collateral estoppel,* to the issues defined by Section 523(a)(6) of the Bankruptcy Code.

### B. ELEMENTS OF NONDISCHARGEABILITY UNDER SECTION 523(a)(6).

Section 523(a)(6) of the Bankruptcy Code provides that a discharge under Section 727

---

12. Pursuant to the recent amendments to F.R.C.P. Rule 50, motions for directed verdict are now called motions for judgment as a matter of law. *See* Fed.R.Civ.Proc. 50.

shall not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Thus, pursuant to Section 523(a)(6), Mr. Hibbs does not receive a discharge of (1) a debt (2) where the debt is for an injury to another entity or property of another entity, if that injury is (3) caused by Mr. Hibbs and is (4) willful and (5) malicious.

■ The plaintiff must satisfy each element by a preponderance of the evidence. *See Grogan v. Garner,* 498 U.S. 279, 289, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). Although the holding in *Grogan* was as to the burden of proof issue for Section 523(a)(2)(A) actions, the Supreme Court stated in dictum that the preponderance standard applies to all actions under Section 523(a). The Ninth Circuit has since adopted the preponderance standard for Section 523(a)(6) actions, consistent with the dictum in *Grogan. See In re Littleton,* 942 F.2d 551, 554 (9th Cir.1991).

## C. THE DOCTRINES OF FORMER ADJUDICATION.

### 1. Res Judicata (Claim Preclusion).

Pursuant to the doctrine of *res judicata,* a judgment in a prior suit is considered conclusive on the parties to the judgment and those in privity with them "as to every ground of recovery that was actually presented in the action, but also as to every ground which might have been presented." *Southern P.R. Co. v. U.S.,* 168 U.S. 1, 47, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). "Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

■ For claim preclusion to operate, three elements must be present. First, the judg-

ment must have been final, valid, and on the merits. Second, the parties in the subsequent action must be identical to those in the first action. Third, the claim in the second action must involve matters properly considered included in the first action. *See, e.g., Derish v. San Mateo–Burlingame Bd. of Realtors,* 724 F.2d 1347, 1349 (9th Cir.1983).

### 2. Collateral Estoppel (Issue Preclusion).

Pursuant to the doctrine of *collateral estoppel,* a "right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit by the same parties or their privies." *Southern P. R. Co. v. United States,* 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).

"To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979).

■ For issue preclusion to operate, the issue sought to be precluded must be identical in both actions and must have been actually litigated, decided, and necessary to the judgment.[13] *See, e.g., Davis & Cox v. Summa Corp.,* 751 F.2d 1507 (9th Cir.1985).

To test for identity of issues, one must consider both factual identity and legal standards. The test is necessarily strict. Issue preclusion "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Commissioner v. Sunnen,* 333

---

13. In *Montana,* the Supreme Court suggested a three step approach to applying the doctrine of *collateral estoppel. (1),* whether the issues presented in the second suit are in substance the same as those resolved in the first; *(2),* whether controlling facts or legal principles have changed significantly since the first judgment; *(3),* whether other special circumstances warrant an exception to the normal rules of preclusion. *Montana*

*v. United States,* 440 U.S. 147, 155, 99 S.Ct. 970, 974.

This Court's discussion in the opinion focuses on step one. With respect to step two, the court finds that the controlling facts and legal principles have not changed. With respect to step three, the Court finds than an exception to *collateral estoppel* is not warranted.

U.S. 591, 599–600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1948).

As discussed supra, *Grogan* and cases following *Grogan* make clear that the preponderance standard applies to all Section 523(a) actions. Thus, the applicable legal rules for the burden of proof are the same in both the copyright infringement action and the present nondischargeability action so there is no impediment to applying collateral estoppel based on a different standard for the burden of proof.

The test for determining whether the issue to be precluded was actually litigated and decided in the first proceeding, and was necessary to the Court's judgment, is a straight forward factual inquiry. Furthermore, "[n]ecessary inferences from the judgment, pleadings and evidence will be given preclusive effect." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir.1985).

## IV. ANALYSIS: MR. HIBBS

■ As noted, Section 523(a)(6) makes nondischargeable a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The following discussion analyzes each element of Section 523(a)(6) within the framework of a motion for summary judgment.

### A. FIRST ELEMENT—EXISTENCE OF A DEBT.

Whether a debt exists is a material issue under Section 523(a)(6). The Code defines debt to mean liability on a claim. 11 U.S.C. § 101(12). Claim means a right to payment, whether or not such right is reduced to judgment. *See* 11 U.S.C. § 101(5)(A).

Plaintiff Sophos has met his burden of production by attaching a copy of the intentional copyright infringement judgment. Plaintiff submits that he is entitled to judgment as a matter of law because the judgment is *res judicata* as to the existence of a debt.

The Court grants plaintiff Sophos summary adjudication on this element. This Court is barred by *res judicata* from reexamining the jury's determination that Mr. Hibbs is liable to Sophos. *See In re Comer*, 723 F.2d 737 (9th Cir.1984). Although there was once a factual issue as to the *existence* of liability, defendant is barred from raising any possible defense. In fact, Mr. Hibbs does not deny the existence of the debt (so there is no genuine dispute on this element).

### 1. Calculation of Interest as Part of Amount to Be Held Nondischargeable.

The total amount of the judgment, before interest, is $201,086.28. The second amended judgment here at issue was entered nunc pro tunc to September 27, 1989.

Pursuant to the nonbankruptcy federal statute governing interest on district court judgments, plaintiff is entitled to post-judgment interest on this judgment "... calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled *immediately prior* to the date of the judgment." 28 U.S.C. § 1961(a) (emphasis added). This statute provides that interest is to be computed daily to the date of payment and compounded annually. *See* 28 U.S.C. § 1961(b).

The floating federal reserve rate as of September 27, 1989, the date of the judgment, was 8.19%. Using this rate, post-judgment interest on the $201,086.28 must be given at 8.19% per year and compounded annually until the judgment is paid.

### 2. Total Amount of Debt that is Nondischargeable.

Using the dates and rates as just stated, and compounding annually, the total amount of post-judgment interest owed to the date of this judgment is $59,620.56. Thus, the total amount of the judgment which is sought to nondischargeable as to Mr. Hibbs, including interest, is $260,706.84. In addition, this amount will continue to accrue interest at 8.19% from date of entry of this judgment until this judgment is paid in full.

### B. SECOND ELEMENT—WILLFUL.

Whether Mr. Hibbs acted willfully is a material issue under Section 523(a)(6). Under the Code, courts uniformly define willful as an intentional act which caused an inju-

ry.[14] The Ninth Circuit has defined the test as follows: "The creditor must show the debtor acted intentionally. The intent required is the *intent to do the act* at issue, not intent to injure the victim." *In re Britton,* 950 F.2d 602, 605 (9th Cir.1991) (emphasis added).

Plaintiff has met his burden of production by attaching a copy of the jury's special verdict. Plaintiff submits that he is entitled to judgment as a matter of law because the jury found that Mr. Hibbs acted intentionally and *collateral estoppel* bars any further dispute over this issue.

The jury specifically found that Hibbs caused United Amusements to infringe and that he *personally participated* in the *acts* of United Amusement that constitute infringement. The court finds that Mr. Hibbs' *intent* to *personally participate in the acts* is a necessary inference from the judgment. Thus, the court grants plaintiff summary adjudication on the element of willfulness. *Cf. Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir.1985) ("[n]ecessary inferences from the judgment, pleadings and evidence will be given preclusive effect.").

Even without the application of *collateral estoppel,* Mr. Hibbs has submitted no evidence to show that he did *not* intend to do the acts. Thus, he has not shown the existence of a genuine dispute as to this issue.

### C. THIRD ELEMENT—MALICIOUS.

Malice is the most problematic element under Section 523(a)(6). Malice is not a defined term in the Bankruptcy Code. As a result, courts have struggled to articulate a test, and the resulting decisions are not uniform.

#### 1. Ninth Circuit's Test for Malice.

The Ninth Circuit's test for malice is articulated in three cases. *Impulsora Del Territorio Sur v. Cecchini (In re Cecchini),* 780 F.2d 1440 (9th Cir.1986); *Transamerica Commercial Finance Corporation v. Littleton (In re Littleton),* 942 F.2d 551, 554 (9th

Cir.1991); *Britton v. Price (In re Britton),* 950 F.2d 602, 605 (9th Cir.1991). *Cecchini* established the test, while *Littleton* and *Britton* clarify the test (and arguably modify it).

In *Cecchini,* the Ninth Circuit held that a wrongful act, when done intentionally, is willful and malicious for purposes of Section 523(a)(6) even absent proof of a specific intent to injure when it necessarily produces harm and is without just cause or excuse. *See Impulsora Del Territorio Sur v. Cecchini (In re Cecchini),* 780 F.2d 1440 (9th Cir. 1985).

In *Littleton,* the Court provided a three step process to finding malice under Section 523(a)(6). The Creditor must show that (1) the debtor committed a wrongful act; (2) the act necessarily produced harm, and (3) the act was without justification or excuse. *See Transamerica Commercial Finance Corporation v. Littleton (In re Littleton),* 942 F.2d 551, 554 (9th Cir.1991). Furthermore, the *Littleton* Court adopted the Ninth Circuit BAP's test for "necessarily produced harm" to mean that the act must be targeted at the creditor, at least in the sense that the act is certain or almost certain to cause financial harm. *Id.* at 555.

Finally, the *Britton* Court reaffirmed that a creditor need not prove the debtor specifically intended to injure the victim for there to be malice under Section 523(a)(6). *See Britton v. Price (In re Britton),* 950 F.2d 602, 605 (9th Cir.1991). However, the Court seemed to adopt the Tenth Circuit's test insofar as it provided the creditor must show the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor. *Id.* 950 F.2d at 605 (quoting *C.I.T. Fin. Serv., Inc. v. Posta (In re Posta),* 866 F.2d 364, 367 (10th Cir.1989)).

#### 2. Application of Malice Test.

##### a. Debtor Committed a Wrongful Act.

Whether the debtor committed a wrongful act is a material issue. Plaintiff has met his burden of production by attaching a copy of

---

14. Under the Act, the willfulness element caused some confusion. In *Tinker,* the Supreme Court held that willfulness could be established by showing reckless disregard. *See Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904). In enacting the Code, Congress clarified the test by expressly overruling Tinker to the extent the Supreme Court found reckless disregard to be the equivalent of willfulness.

the intentional copyright infringement judgment. Plaintiff submits that he is entitled to judgment as a matter of law because the judgment is *res judicata* as to debtor's wrongful act.

The Court grants plaintiff summary adjudication on this element. This Court is barred by *res judicata* and collateral estoppel from reexamining the jury's determination that Mr. Hibbs committed a wrongful act. *See In re Comer,* 723 F.2d 737 (9th Cir.1984). Although this was once a factual issue, Mr. Hibbs is barred from raising any possible defense. In fact, Mr. Hibbs does not deny that his acts were wrongful unless protected by some affirmative defense. As evidenced by the judgment entered against him, no defense was found to apply to protect Mr. Hibbs' conduct from constituting copyright infringement.

### b. Actual Knowledge of Harm and Disregard thereof?

Whether debtor had actual knowledge of Sophos' copyright and disregarded Sophos' rights with respect to the copyright are material issues. This test is essentially the same test used by courts to determine whether a party has committed an intentional tort.

Here, plaintiff has met his burden of production by attaching the jury's special verdict, the jury instruction of willful infringement, and portions of the John Hibbs deposition. The jury specifically found that Mr. Hibbs' copyright infringement was willful. The special jury instruction defined willful to mean "copying with knowledge that [his] conduct constitutes copyright infringement." Furthermore, in his deposition Mr. Hibbs acknowledged that he knew of the existence of Sophos' copyright. He also admitted to selling the video game art even though he was aware of Sophos' copyright.

The Court grants plaintiff summary adjudication on the element of malice. First, *collateral estoppel* precludes any further dispute of this element because the test for willful infringement is identical to the Ninth Circuit's test for malice (i.e., actual knowledge of harm and disregard). Second, there is no genuine dispute as to whether Mr. Hibbs was aware of the copyright and proceeded to injure Sophos' economic interests

in the face of that knowledge because Mr. Hibbs admitted those facts in his deposition.

### c. Act was Without Justification or Excuse.

Whether debtor's wrongful act was without justification or excuse is a material issue. Plaintiff has met his burden of production by attaching a copy of the intentional copyright infringement judgment. Plaintiff submits that he is entitled to judgment as a matter of law because the judgment is *res judicata* as to debtor's act of intentional copyright infringement being without justification or excuse.

The Court grants plaintiff summary adjudication on this element. This Court is barred by *res judicata* and collateral estoppel from reexamining the jury's determination that Mr. Hibbs' act is without justification or excuse. *See In re Comer,* 723 F.2d 737 (9th Cir.1984). Although there was once a factual issue at the time of the copyright case, Mr. Hibbs is presently barred by the judgment from raising any possible defense. Thus, there is no factual dispute on this issue.

### D. FOURTH ELEMENT—INJURY TO PROPERTY OF ANOTHER.

Whether Sophos' property was injured is a factual question and a material issue. Plaintiff has met his burden of production by attaching a copy of the jury's special verdict. Plaintiff submits that he is entitled to judgment as a matter of law because the jury found that his copyright interest was injured and *collateral estoppel* bars further litigation on that point.

The Court grants plaintiff summary adjudication on the element of injury to property of another. The jury expressly found that Sophos was injured. When asked: "Was [Sophos] actually damaged by the infringements of any of the Defendants?," the jury unambiguously indicated its findings by checking the yes box. The issue of injury is identical in this action. And, it was actually litigated and decided in the District Court case, and was necessary to the judgment.

### E. FIFTH ELEMENT—CAUSATION: DEBTOR CAUSED THE INJURY.

The final material question is whether the debtor caused the injury to Sophos' property. Once again, plaintiff has met his burden of production by attaching a copy of special

verdict. Plaintiff submits that he is entitled to judgment as a matter of law because the jury found that Mr. Hibbs caused the injury. Sophos asserts that *collateral estoppel* prohibits any further dispute over the element of causation.

The jury specifically found that Mr. Hibbs *caused* United Amusements to infringe and that he *personally participated* in the *acts* of United Amusement that constitute infringement. The Court finds that the issue of causation is identical in both actions and that it was actually litigated, decided, and necessary to the District Court's judgment. Thus, the Court grants plaintiff summary adjudication on the issue of causation.

Since all elements necessary for judgment under 11 U.S.C. § 523(a)(6) have been established by plaintiff Sophos, the Court grants summary judgment in favor of Sophos and against Mr. Hibbs, holding $260,706.84 nondischargeable pursuant to Section 523(a)(6). Mr. Hibbs' cross-motion is denied.

### V. ANALYSIS: MRS. HIBBS

As previously discussed, one element of nondischargeability is the existence of a debt. Mr. Hibbs owes a debt to Sophos—as evidenced by the federal judgment. However, Sophos did not obtain a judgment against Mrs. Hibbs. She was not even a defendant in the federal copyright infringement action.

Furthermore, Sophos cannot now assert a cause of action against Mrs. Hibbs for the activities memorialized in the judgment against Mr. Hibbs because any such cause of action is now time barred. The federal Copyright Act; 17 U.S.C. § 101–810, has a three year statute of limitations.[15] Since the infringement occurred before the 1989 verdict, it is now too late to bring any copyright infringement suit against Mrs. Hibbs for that infringement, even assuming arguendo she was actually involved or vicariously liable.

Mrs. Hibbs owes no debt to Sophos because there is no judgment against her and because any unliquidated claim for the previously sued on infringement is time barred.

As such, summary judgment is granted in favor of Mrs. Hibbs, and the Court holds that the judgment against Mr. Hibbs is dischargeable as to Mrs. Hibbs. It should also be noted that none of the other elements of 11 U.S.C. § 523(a)(6) were established as to Mrs. Hibbs, but it is unnecessary to reach these issues.

### VI. THE EFFECT OF A NONDISCHARGEABLE JUDGMENT AGAINST ONE SPOUSE ON THE OTHER SPOUSE'S PROPERTY

■ Even though the debt is dischargeable as to Mrs. Hibbs, plaintiff can still reach Mrs. Hibbs' community property to satisfy its nondischargeable judgment against Mr. Hibbs. As Collier's concludes, Congress made a policy decision "that the economic sins of either spouse would be forever visited upon the community property of the spouses" (including after acquired community property) when it enacted 11 U.S.C. §§ 524(a)(3) and 524(b)(1)(A) and (B). *See* 3 Collier on Bankruptcy § 524.01 (King 15th ed. 1983).

Sections 524(a)(3) and (b)(1) allow Sophos to proceed against the postpetition community property of both Mr. and Mrs. Hibbs to satisfy his nondischargeable judgment against Mr. Hibbs. Of course, plaintiff may pursue Mr. Hibbs' postpetition separate property to satisfy the nondischargeable judgment as well.

In fact, debtors admitted in their briefing that Section 524(b)(1) allows plaintiff to reach postpetition community property of Mr. and Mrs. Hibbs to satisfy any judgment held nondischargeable as to Mr. Hibbs, even if the judgment is discharged as to Mrs. Hibbs. *See* Debtors' Reply Memorandum of Points and Authorities and Declarations in Support of Hibbs Motion for Summary Judgment at page 26, lines 3–6.

■ Although plaintiff can reach the postpetition *community* property of Mr. and Mrs. Hibbs, plaintiff may *not* reach any postpetition *separate* property of Mrs. Hibbs to seek satisfaction of its nondischargeable judgment against Mr. Hibbs. Plaintiff has not advanced any evidence or theory which would allow reaching the postpetition separate property of Mrs. Hibbs.

---

**15.** The statute of limitations is 11 U.S.C. § 507(b) "Civil Actions—No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."

270

Pursuant to California Civil Code Section 5120.130, "Except as otherwise provided by statute: (1) The separate property of a married person is not liable for a debt incurred by the person's spouse before or during the marriage." The only potentially applicable exception to nonliability, as far as this case is concerned, is California Civil Code § 5122. That provision states: "(a) A married person is not liable for any injury or damage caused by the other spouse except in cases where he or she would be liable therefore if the marriage did not exist." Here, no such basis is claimed or proven.

As noted above, there might have been an argument that Mrs. Hibbs could somehow have been liable for the copyright infringement on the theory she was a co-owner of United Amusements. However, the three year statute of limitations for copyright infringement of 17 U.S.C. § 507(b) would time bar plaintiff from now making any claim against Mrs. Hibbs for infringement that was completed before the 1989 judgment.

## VII. CONCLUSION

The Court grants summary judgment in favor of plaintiff Sophos against Mr. Hibbs, holding that the federal copyright infringement judgment in favor of Sophos is nondischargeable. The amount of the nondischargeable judgment is $260,706.84, which includes accrued interest to date of entry of this judgment. This judgment will continue to accrue interest, from date of entry until the judgment is fully paid, at 8.19% per annum compounded annually. 28 U.S.C. § 1961(a) & (c). Mr. Hibbs' cross-motion seeking summary judgment of dischargeability is denied.

The Court grants summary judgment in favor of Mrs. Hibbs against plaintiff Sophos, holding that the federal copyright infringement judgment in favor of Sophos is dischargeable as to debtor Mrs. Hibbs. Sophos' cross-motion for summary judgment against Mrs. Hibbs is denied.

The postpetition community property of the Hibbs and the postpetition separate property of Mr. Hibbs may be reached to satisfy the nondischargeability judgment given herein to Sophos against Mr. Hibbs. Any postpetition separate property of Mrs. Hibbs may not be reached to satisfy the nondischargeable judgment against Mr. Hibbs.

This opinion shall constitute the Court's Findings of Fact and Conclusions of Law. A judgment will be entered consistent with this opinion. Plaintiff is ordered to prepare judgment consistent with this opinion.

ORDER DENYING MOTION OF JOHN WILLIAM HIBBS TO RECONSIDER COURT'S PREVIOUS GRANT OF SUMMARY JUDGMENT AGAINST JOHN WILLIAM HIBBS AND MAKING CLARIFYING AMENDMENT TO PRIOR OPINION GRANTING SUMMARY JUDGMENT

Dec. 6, 1993.

The Motion of Defendant John William Hibbs to Reconsider this Court's previous grant of Summary Judgment against Mr. Hibbs came on for hearing on December 1, 1993 at 10:00 a.m. Debtor was represented by counsel Daniel C. Carmichael, III, Esq. who substituted into the adversary proceeding, and Movant was represented by counsel Theresa W. Middlebrook, Esq. The Court, having reviewed the pleadings and having heard oral argument, denies the motion, as follows:

(1) No new law or facts are cited by Movant's Motion to Reconsider. The Supreme Court case primarily relied on by John Hibbs in the Motion to Reconsider, *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) had been cited during previous oral arguments by debtor John Hibbs, then in pro per. Thus, neither the test of Federal Rules of Bankruptcy Procedure Rule 9023, nor the test of Rule 9024, for granting reconsideration was met.

Rather, the arguments John Hibbs previously made pro per at the hearing on the Motion for Summary Judgment were repeated at the hearing on the Motion to Reconsider by his newly substituted in lawyer.

(2) The *Brown* case, supra, is distinguishable from the present case. *Brown* involved a situation where the stipulated judgment

from the nonbankruptcy forum did not reflect what cause of action the stipulated judgment was entered on, and therefore *did not* decide all elements necessary to determine whether the debt was dischargeable or nondischargeable. In contrast, the Federal District Court judgment for intentional copyright infringement at issue in the instant case, plus the special verdict answered by the jury, plus the other items reviewed by the bankruptcy court, *did* decide all elements necessary to determine nondischargeability of John Hibbs' debt under 523(a)(6). Even counsel for debtor conceded at the hearing on the Motion to Reconsider that items ruled on by the jury in the Hibbs' case could not be decided differently by this Court due to the principles of res judicata and collateral estoppel.

(3) Hibbs' argument, as stated by his counsel at the hearing on the Motion to Reconsider, reduced to arguing that certain elements necessary for a finding of violation of 11 U.S.C. § 523(a)(6) had not been adversely decided to Mr. Hibbs. Hibbs is in error in so claiming, as this Court has already ruled in its previous opinion dated October 26, 1993, which granted summary judgment against Mr. Hibbs. No cause has been shown for reversing that ruling.

(4) To avoid argument over whether the applicable principle is res judicata or collateral estoppel, the Court hereby amends its prior opinion dated October 26, 1993 as follows:

Editor's Note: Amendments incorporated for publication.